# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DUSTIN CHANDLER**
**ADC #138825**                                                                                      **PLAINTIFF**

**V.**                                          **4:12CV00419 JMM**

**STATE OF ARKANSAS**                                                                                **DEFENDANT**

### ORDER

Pending before this Court is the Plaintiff's Motion to Proceed *In Forma Pauperis*.  The *In Forma Pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system."  *Greaser v. State of Mo., Dep't of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998).  The decision of whether to grant or deny *in forma pauperis* status under section 1915 "is within the sound discretion of the trial court."  *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  Further, a district court must dismiss the case at any time if the court determines that the action is frivolous, malicious or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

In this case, Plaintiff seeks to appeal from the final Order of the Supreme Court of Arkansas dated May 31, 2012.  (ECF No. 2).  Federal district courts have no authority to review the final determinations of a state court.  Review of such determinations is only available in the United States Supreme Court on direct appeal or by writ of certiorari.  This principle has been well established since 1923, when in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court held:

> Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment [of a state's highest court that decided federal constitutional issues]. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

*Id.* at 416, 44 S.Ct. at 150 (citations omitted).  Therefore, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket # 1) is DENIED.  Plaintiff's cause of action is DISMISSED with prejudice.  The Clerk is directed to close the case.

IT IS SO ORDERED this 26th day of July, 2012.

_____
James M. Moody
United States District Judge